UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRELL RAY FITTS,

    Plaintiff,

v.                                      Case No. 8:14-cv-1479-T-30MAP

CHRIS NOCCO, et al.,

    Defendants.
_____/

## O R D E R

The Court has for its consideration the *pro se* prisoner Plaintiff Fitts' civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983 (Dkt. 1), and motion to proceed in this action in forma pauperis (Dkt. 2). The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court has determined that Plaintiff's complaint must be dismissed.

The complaint is essentially incomprehensible. However, to the extent the Court can understand it, it appears that Plaintiff attempts to allege that he was arrested without probable cause, his first amendment right to freedom of speech was violated, and that he was subjected to excessive bail. The facts alleged, however, are insufficient to state a claim under § 1983

for violation of a constitutional right.[1] Because he has failed to set forth his claims adequately, Plaintiff will be required to submit an amended complaint.

In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff <u>must</u> place Defendants' full names in the style of the case on the first page of the civil rights complaint form. Further, Plaintiff should write Defendants' full names in the appropriate sections of the civil rights complaint form.

In the section entitled "Statement of Claim," Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated. Plaintiff should provide both a list of constitutional or other federal rights allegedly violated and a statement of facts in support of the claimed violations. Further, in the section entitled "Statement of Facts," Plaintiff should clearly describe <u>how each named Defendant</u> is involved in the alleged constitutional violation(s). Plaintiff should note that in civil rights cases more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. l984).

Plaintiff should be aware that <u>respondeat superior</u>, without more, does not provide a basis for recovery under section 1983. <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981);

---

[1] In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

(1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted).

Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Department of Social Services, 436 U.S. 658 (1978));  Greason v. Kemp, 891 F.2d 829, 836  (11th Cir. l990). See Collins v. City of Harker Heights, 503 U.S. 115, 112 S. Ct. 1061 (1992); Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1, 111 S. Ct. 1032 (1991); Pembaur v. City of Cincinnati, et al., 475 U.S. 469 (1986).

Although personal participation is not specifically required for liability under section 1983, a causal connection must exist between the Defendant and the injury allegedly sustained.  Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. l991); Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam).  One is liable for the actions or omissions of others only if he or she participated in a deprivation of constitutional rights or directed an action or omission that resulted in a deprivation.  Finally, Plaintiff must show how he has been damaged (how he was harmed or injured by the actions or omissions of the Defendants).

Most importantly, if Plaintiff intends to allege a number  of related claims, then he must set forth each claim in a separate paragraph in the same complaint.  However, if the claims are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint.  In addressing an unrelated claim in a separate complaint, Plaintiff must complete a new civil rights complaint form for the unrelated claim.  The Clerk of the Court will then assign a new case number for the separate complaint and inform the Plaintiff of the new case number.  Of course, Plaintiff should file a second amended complaint in this action by placing the case number in this action on a civil rights complaint form and

3

choosing one of the claims to proceed with in this action. Plaintiff may at any time request more civil rights complaint forms for these unrelated claims.

To amend his complaint, Plaintiff must complete a new civil rights complaint form, marking it "Amended Complaint." The Amended Complaint must include all of Plaintiff's claims in this action; it <u>shall</u> <u>not</u> refer to the original complaint.

Plaintiff is advised that the Amended Complaint will completely *supersede* the original and amended complaint, and once the Amended Complaint is filed, the only issues before the Court are the ones raised in the text of the Amended Complaint. *See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended complaint under the Federal rules supercedes the original complaint); *Williams v. U.S.*, 2001 WL 530445 at *1 n.2 (S.D. Ala. 2001) (stating that "Plaintiff's last amended complaint . . . will supersede his prior complaint (Doc. 1) and amended complaint . . . .")

Plaintiff's failure to file the Amended Complaint, which complies with all of the foregoing instructions and all of the instructions on the complaint form itself, on or before **July 24, 2014**, will result in the <u>dismissal</u> of this action without prejudice, for failure to prosecute under Rule 3.10, Local Rules, United States District Court, Middle District of Florida.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** without prejudice. Plaintiff shall file an amended complaint on or before **July 24, 2014.**

      2.      The **Clerk** shall send Plaintiff a Civil Rights Complaint Form with his copy of this Order.

      **DONE** and **ORDERED** in Tampa, Florida on June 24, 2014.

*[Signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*